CÁNDIDO HERNÁNDEZ, Plaintiff and Appellee, *v.* INSULAR RACING COMMISSION OF PUERTO RICO, ETC., ET AL., Defendants and Appellant.

No. 6655. Argued November 26, 1935.—Decided May 29, 1936.

*Diego O. Marrero* for appellant. *J. Valldejuli Rodríguez* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

The jury of the Quintana Racing Park suspected that Cándido Hernández, a jockey, had run two races irregularly. He was definitely acquitted of doing so in one race. The jury sat and deliberated over the other case, found him guilty of irregularities and suspended him from further services as a jockey for eight weeks. He filed suit for an injunction in the District Court of San Juan, alleging that he was not duly notified of any meeting of the jury, and that he had been given no opportunity to defend himself. After a trial the District Court of San Juan issued an injunction directed to the juries of both racing parks, in effect,

enjoining them from preventing him to serve as a jockey. This suit was directed against the Racing Commission and the members of the jury of both racing parks.

■ Among various assignments of error it was alleged that the jury did in fact notify Cándido Hernández and gave him an opportunity to defend. One of the witnesses in court said that in these matters the jury has to act rapidly between races. But the jury did not act rapidly in the instant case. It met and heard several witnesses without Cándido Hernández being present or having been notified. After hearing these witnesses and possibly before examining a Mr. Alicea, Cándido Hernández was sent for. Apparently after the examination of Alicea was concluded, supposing that the latter was questioned in the presence of Hernández, the president of the jury asked Hernández a specific question as to why he had cut in on the inside of another horse in a certain fashion and after Cándido Hernández had explained or attempted to explain, the said president, without further consultation with his associates, said that Hernández was suspended for eight weeks. It is immediately evident that before examining him or giving him a chance to explain, the jury had made up his mind. The record does not show that Cándido Hernández had any other opportunity to defend himself or to be heard.

■ The Act governing horse racing in Puerto Rico at the time of this case was Act No. 11 of 1932, wherein the Insular Racing Commission was authorized to make certain rules and to delegate power to act thereon to a jury appointed by the Commission for the direct supervision of the races. Under the power given by this act, the Racing Commission formulated Rule 96 for juries, subdivision *h* of which reads as follows:

"(*h*) Before imposing any penalty, it (the jury) shall carry out, as far as possible, an investigation of the acts complained of, taking all testimony under oath and giving the offender an opportunity to be heard in his defense."

We agree that it was not the intention of the framers that all the solemnities of a trial should be observed. A jury of a racing park is not qualified to carry out a complete trial. We are quite sure that a great deal less formality is required. We think it might be enough if the witnesses and the offender were summoned, sworn and examined in an informal way and the jockey given an opportunity to call other witnesses, perhaps some of the other jockeys in the race. However this may be, the plaintiff-appellee was given no opportunity to defend. What happened to Hernández was a near approach to what happens at the end of certain criminal trials when the court asks a defendant whether he has any reason to express why sentence should not be pronounced. If an injunction lay for failure to perform the provisions of Rule 96, *supra,* this was a clear case falling under it.

■■ The appellant makes various assignments of error all to the effect that an injunction does not lie. One of the reasons was that the real remedy was an action for damages. Considering the injury to the jockey's reputation and the delay of a trial in a suit for damages and for other reasons, such a suit is evidently inadequate. Furthermore, it would be difficult to know how to bring such a suit and against what particular persons.

We think that the right or rights accruing to the appellee are extraordinary. He is given no specific remedy under the act or the rules. Indeed, in cases like this, the statute forbids an appeal to the Racing Commission or the courts. Therefore, we think, that the provisions of Section 677 of the Code of Civil Procedure (1933 edition), which read as follows, are applicable:

"Section 677.—An injunction may be granted in the following cases:
"1.     *     *     *     *     *     *     *
"2. When it appears by the complaint or affidavit that the commission or continuance of some act during the litigation would

produce waste, or great or irreparable injury, to a party to the action.

"3.　　*　　*　　*　　*　　*　　*　　*

"4. Where pecuniary compensation would not afford adequate relief.

5. Where it would be extremely difficult to ascertain the amount of compensation which would afford adequate relief.

"6.　　*　　*　　*　　*　　*　　*　　*

"7.　　*　　*　　*　　*　　*　　*　　*"

The appellee presented no brief on this question but filed a motion to dismiss. The motion is based largely on the fact that the appeal is academic inasmuch as the question raised could not happen again by reason of recent reforms in the law. We do not see that the present appeal is academic but we need give the matter no great consideration because we have decided the appeal in favor of the appellee.

The judgment should be affirmed.

Mr. Justice Córdova Dávila and Mr. Justice Travieso took no part in the decision of this case.